UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,        Case No. 12-cv-13020-RHC-RSW

    v.        Hon. Robert H. Cleland

APPARAO MUKKAMALA, et al.,

        Defendants.

_____/

**FINAL JUDGMENT AS TO DEFENDANT SURESH ANNE**

The Securities and Exchange Commission having filed a Complaint and Defendant Suresh Anne having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $338,224.71, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $20,852.71, and a civil penalty in the amount of $338,224.71 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant (or an escrow agent acting on behalf of Defendant) shall satisfy this obligation by paying $697,302.13 to the Securities and Exchange Commission, with $390,000.00 payable within 14 days after entry of this Final Judgment (the "Initial Payment") and the remainder, including applicable post judgment interest thereon payable pursuant to 28 U.S.C. § 1961, payable within one (1) year after entry of this Final Judgment (the "Remainder Payment").

Defendant may transmit payment electronically to the Securities and Exchange Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account or by credit or debit card via Pay.gov available through the Securities and Exchange Commission's website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Suresh Anne as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to

>James J. Thibodeau
>Securities and Exchange Commission
>Chicago Regional Office
>175 West Jackson Boulevard
>Suite 900
>Chicago, IL 60604
>ThibodeauJ@sec.gov

By making each payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Securities and Exchange Commission shall remit the funds paid pursuant to this Final Judgment to the United States Treasury.

The Securities and Exchange Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after (i) 14 days following entry of this Final Judgment solely in regard to the Initial Payment and (ii) one (1) year following entry of this Final Judgment solely in regard to the Remainder Payment. Defendant shall pay post judgment interest on all delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's cooperation in a Securities and Exchange Commission investigation and related enforcement action, the Court is not ordering Defendant to pay a civil penalty in excess of that specified in Section II above. If at any time following the entry of the Final Judgment the Securities and Exchange Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Securities and Exchange Commission or in a related proceeding, the Securities and Exchange Commission, after a reasonable inquiry that corroborates such information, may petition the Court for an order requiring Defendant to pay an additional civil penalty. The Securities and Exchange Commission may file any such petition without providing prior notice to Defendant. In connection with any such petition and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, the Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  July 30, 2012

     s/Robert H. Cleland
UNITED STATES DISTRICT JUDGE